UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PAUL R.F. SCHUMACHER,                                  CASE NO.: 4:17-CV-02205

    Plaintiff,

v.

MICHELE R. LEAR, LONNY LEAR, LONNY
LEAR, INC., STUDENT LOAN ASSISTANCE
FOUNDATION, LLC,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant LONNY LEAR, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Justice Court, Precinct 3, Brazos County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of this Notice of Removal, Defendant states as follows:

**I.**     **Background**

1. On or about June 5, 2017, Plaintiff Paul R.F. Schumacher filed a Petition instituting this lawsuit in the Justice Court, Precinct 3, Brazos County, Texas, Cause No. 3017-00400S (the "Petition"). A true and correct copy of the Petition and the accompanying papers, including the Citation, is attached hereto as **Exhibit A**.

2. The suit arises from alleged telephone calls to Plaintiff's cellular telephone allegedly by Defendant Student Loan Assistance Foundation, LLC, which Plaintiff claims violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and related federal regulations and Texas state law. Plaintiff names as Defendant Lonny Lear, Michele R.

Lear, Lonny Lear, Inc., and Student Loan Assistance Foundation, LLC.

3.  On July 5, 2017, Lear was served by mail with a copy of the Petition and an accompanying Citation.

4.  Pursuant to the Citation, Lear's answer in the Justice Court "is due by the end of the 14th day after the day you were served with these papers."

5.  Lear now timely removes this action to this Court.

## II. Basis for Jurisdiction

6.  This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a). This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States." Plaintiff's Petition asserts violations of the TCPA and associated federal regulations. *See* Ex. A ("Each of these separate violations per call carries a liability of $500-1500 under the Telephone Consumer Protection Act, including TCPA 47 USC 227(b)(1)(A)(iii); 47 CFR 64.1200(c)(2); and 16 CFR 310.4(b)(iii)(A). . . . This call contained six violations of the TCPA, TCFAPA, and other FTC and FCC regulations."). As such, this Court has federal question jurisdiction over this matter.

7.  Indeed, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

8.  The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts

have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under the laws of the United States."

9. Based upon the foregoing, this Court has federal question jurisdiction over this action and venue is proper in this Court.

10. The Court also has supplemental jurisdiction over any claim under Texas state law, pursuant to 28 U.S.C. § 1367, as any such claim is so related to the TCPA claim over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

### III.    Rule of Unanimity

11. The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the "rule of unanimity." The "rule of unanimity" has been codified at 28 U.S.C. § 1446(b)(2)(A), which provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

12. To Defendant's knowledge, none of the other named Defendants have been served, and therefore the "rule of unanimity" is not applicable. Regardless, to the extent necessary, and without waiver of service or any objections thereto, the other Defendants, who are also represented by the undersigned counsel, consent to removal of the action to this Court.

### IV.    Notice Given

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff by e-mail, as he consented in his Petition to receive service of papers by e-mail, and a copy will be promptly filed with the Clerk of the Justice Court, Precinct 3, Brazos County, Texas. A copy of the Notice of Filing of Notice of

3

Removal is attached hereto as **Exhibit B**.

## V.     Removal is Timely Filed

14.     This Notice has been timely filed within thirty (30) days of Defendant's receipt of the filed Petition on July 5, 2017, as required by 28 U.S.C. § 1446(b)(2).

## VI.    Pleadings and Process

15.     As required by 28 U.S.C. § 1446(a), copies of all state court process and pleadings served upon Defendant are attached to this Notice of Removal as part of Exhibit A.

16.     As required by Southern District of Texas Local Rule 81(4), a copy of the docket sheet is attached hereto as **Exhibit C**.

## VII.   Venue

17.     Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper because this action is currently pending in the Justice Court, Precinct 3, Brazos County, Texas, which is in the same District as the United States District Court for the Southern District of Texas, Houston Division.

## VIII.  Non-Waiver of Defenses

18.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, this Court has jurisdiction over this matter, and Defendant LONNY LEAR hereby removes this action from the Justice Court, Precinct 3, Brazos County, Texas, to this Court.

Dated: July 18, 2017                    Respectfully Submitted,

*/s/Joseph A. Garnett*
Sheehy, Ware & Pappas, P.C.
Joseph A. Garnett
Texas Bar No. 07680600
909 Fannin Street
Suite 2500
Houston, Texas 77010
Phone: 713-951-1016
Fax: 713-951-1199
jgarnett@sheehyware.com

-and-

Greenspoon Marder, P.A.
Richard W. Epstein
*Request for admission pro hac vice forthcoming*
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
*Request for admission pro hac vice forthcoming*
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
Roy Taub
*Request for admission pro hac vice forthcoming*
Florida Bar No. 116263
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant Lonny Lear*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2017, a true and correct copy of the foregoing was served via e-mail upon:

Paul Schumacher
1512 Oakview Street
Bryan, Texas 77802
Paul.R.F.Schumacher@gmail.com

*Plaintiff Pro Se*

> */s/Joseph A. Garnett*
> Joseph A. Garnett